UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Steven James<br><br>    Plaintiff,<br><br>v.<br><br>CHM Capital Group, LLC dba Capital Harris Miller & Associates, HKM Funding Ltd., and Hirsh Mohindra,<br><br>    Defendants. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND THE ILLINOIS COLLECTION AGENCY ACT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Steven James, ("Steven"), is a consumer and brings this action to secure redress from the unlawful collection practices engaged in by Defendant in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. Defendant, CHM Capital Group, LLC dba Capital Harris Miller & Associates, ("CHM"), is an Illinois Limited Liability Company that maintained its principal place of business in Bolingbrook, Illinois, at all times relevant to this action. HKM Funding, Ltd. is the manager and/or member of CHM Capital Group, LLC. Defendant Hirsh Mohindra is the President and Secretary of HKM Funding, Ltd.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, CHM collected consumer debts.

6. CHM regularly uses instrumentalities of interstate commerce such as telephones to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of CHM's revenue is debt collection.

8. CHM is a "debt collector" as defined by 15 U.S.C. §1692a(6). The CHM website claims, "CHM Capital Group, LLC is Limited Liability Company in the State of Illinois. Formed by a group of experienced debt management consultants, CHM Capital Group, LLC has proven that legitimate debt collection works better and by closely adhering to industry guidelines, CHM Capital Group, LLC has achieved overwhelming success while maintaining an excellent reputation for itself and clients." http://chmcapital.com/About.html

9. As described, *infra*, CHM contacted Steven to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Steven is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. On or around July 15, 2013, CHM telephoned Steven's place of employment in an attempt to collect a consumer debt.

13. At the time of this communication, Steven was not at his place of employment.

14. On or around July 16, 2013, CHM telephoned Steven's place of employment again and spoke with Steven's employer.

15. During this communication, Steven's employer requested CHM cease further calls to Steven at Steven's place of employment.

16. Despite this request, CHM continued to call Steven at Steven's place of employment throughout July and August 2013.

17. On more than one occasion, Steven requested CHM cease further calls to Steven at Steven's place of employment.

18. Despite this request, CHM continued to call Steven at Steven's place of employment.

19. Around the end of July 2013, during one communication, CHM threatened Steven with legal action and in an attempt to intimidate Steven, CHM attempted to obtain Steven's employer's corporate office contact information.

20. CHM has not taken any legal action against Steven.

21. CHM never intended to take any legal action against Steven.

22. Steven has not received any written communication from CHM.

23. CHM caused Steven severe emotional distress.

24. CHM violated the FDCPA.

25. CHM has a history of persistent noncompliance with the FDCPA.

26. On or around July 23, 2013, CHM initiated a telephone call to Jennifer Rymer's place of employment and spoke with her employer in an attempt to collect a debt.

27. CHM threatened that Rymer would be "served with papers" if she did not pay the debt.

28. But CHM never filed a lawsuit against Rymer and had no intention of filing a lawsuit against Plaintiff for the Debt.

29. A default was entered against CHM in the case of *Raymer v. CHM* (N.D. Ill. 13-cv-0706) on 12/12/2013.

30. Or or around May 17, 2013, Charlene Crockett started to receive collection calls from CHM at her job. See *Crockett v. CHM*, (E.D. N.Y. 13cv3580).

31. A security officer at her job told Crockett that her received a call threatening that Crockett would be served with papers.

32. CHM also disclosed information about a debt to a co-worker of Jack Sturgill. See *Sturgill v. CHM*, (N.D. Ill. 13-cv-05104).

33. CHM noncompliance with the FDCPA is frequent, persistent and egregious.

34. 225 ILCS 425/14 and 425/14b make it a crime to engage in the business of a collection agency without a license. It is a Class A misdemeanor for the first offense and a Class 4 felony for subsequent offenses.

35. 225 ILCS 425/4 provides;

**No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

36. The licensing requirements of the ICAA were imposed to protect the public;

> **The public policy represented by the ICAA is stated in 225 ILCS 425/1a: The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. It is further declared to be the public policy of this State to protect consumers against debt collection abuse.**

37. Based upon a search of the records of the Illinois Department of Professional Regulation neither CHM, HKM Funding Ltd. nor Hirsh Mohindra have an Illinois Collection Agency license.

38. The Illinois Appellate Court has held that actions by a collection agency that did not have the requisite license are illegal and void, and are not cured by the subsequent obtaining of a license. *LVNV Funding, LLC v. Trice*, 2011 IL App (1st) 092773, 952 N.E.2d 1232 (1st Dist. 2011), leave to appeal denied, 962 N.E.2d 483 (2011). *Trice*, 952 N.E.2d at 1237, specifically held that a "subsequent registration of the collection agency does no absolve the agency of the crime of debt collection by an unregistered collection agency."

## COUNT ONE

**Individual Claim for Violation of the Fair Debt Collection Practices Act Against CHM**

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

41. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

42. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

43. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

44. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

45. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the required notice within five days of Defendant's initial communication with Plaintiff.

## COUNT TWO
**Class Action Claim for Violation of the Illinois Collection Agency Act Against CHM, HKM Funding, Ltd. and Hirsh Mohindra**

46. Defendants CHM, HKM Funding, Ltd. and Hirsh Mohindra are operating a collection agency without a license in Illinois.

47. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

48. Pursuant to Fed. R. Civ.P. 23(a) and 23(b)(3), plaintiff brings this claim on behalf of a class.

49. The class consists of all individuals to whom Defendants, while not licensed as a collection agency under Illinois law, made debt collection attempts.

50. The class is so numerous that joinder of all members is not practicable. On information and belief, based on the statements on circumstantial evidence, there are over 40 members of the class.

51. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common question is whether Defendants collections efforts violate the Illinois Collection Agency Act.

52. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual theories that Defendant are collecting in violation of the ICAA.

53. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

54. A class action is superior for the fair and efficient adjudication of this matter because most consumers are unaware of their rights to cease the collections efforts of Defendants.

## PRAYER FOR RELIEF

(a) For Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

(b) For an order enjoining CHM, HKM Funding Ltd. and Hirsh Mohindra from collection on class basis;

(c) For punitive damages against CHM, HKM Funding Ltd. and Hirsh Mohindra on a class basis;

(d) Granting such other or further equitable relief as is appropriate on a class basis.

## JURY DEMAND

Plaintiff demands a trial by jury.

RESPECTFULLY SUBMITTED,
Hyslip & Taylor, LLC, LPA

By: /s/ Mark T. Lavery
One of Plaintiff's Attorneys

Mark T. Lavery, Esq.
917 W. 18th Street, Suite 200
Chicago, IL 60608
312-380-6110
Mark@lifetimedebtsolutions.com

Date: December 26, 2013